C. FRANKLIN WILSON, PROSECUTOR, v. CLYDE POTTS, MAYOR OF THE TOWN OF MORRISTOWN, AND NELSON S. BUTERA, CLERK OF THE TOWN OF MORRISTOWN, DEFENDANTS.

Submitted October 5, 1937—Decided April 11, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *King & Vogt.*

For the defendants, *John G. Flanigan.*

The opinion of the court was delivered by

TRENCHARD, J.   By this writ prosecutor seeks to set aside the veto of January 8th, 1937, by Clyde Potts, as mayor of Morristown, of certain action taken by the governing body of the town (consisting of eight aldermen and the mayor) on January 1st, 1937.   By this action the governing body sought to elect or appoint the prosecutor as corporation counsel for the town for a period of five years.

Prosecutor contends that the legal justification for this action of the board is to be found in section 7 of the town charter (*Pamph. L.* 1865, *p.* 819) which reads:

"The said common council [now the aldermen and the mayor] shall and may make and appoint a town treasurer,

town marshal, clerk of the market, assessor, collector, street commissioner, and such other subordinate officers as to them may seem proper and necessary for the good government and welfare of the said town; all the officers of said corporation, except those elected by the people, shall hold their offices during the pleasure of the common council" * * *.

Prosecutor properly concedes the power of the mayor to veto a resolution or ordinance (*Brookes* v. *Jones*, 13 *N. J. Mis. R.* 780) but insists that such power did not extend to an appointment. He contends that the action of the board taken on January 1st, 1937, was an appointment. We think it was and also think it was something more than that. It was an appointment of C. Franklin Wilson as corporation counsel *for the term of five years*. We have pointed out that by the charter the town council is given power to appoint officers of the town, who shall hold their offices during the pleasure of the council. And the defendants contend that since under the statutory scheme a new board goes into existence on January 1st of each year, and since the statutory authority grants the board permission to appoint officers during the pleasure of the board, any attempt by the board to create an office for the term of five years is illegal and void, citing *Trowbridge* v. *Newark*, 46 *N. J. L.* 140, and *Skladzien* v. *Board of Education of Bayonne*, 12 *N. J. Mis. R.* 602. All of this may possibly be true, but we do not see fit to determine this case on that precise ground.

The question whether or not the action in question was void is not the prime issue before the court. The question is, had the mayor legal power to veto this action? The prosecutor refers to an ordinance of the town adopted May 20th, 1927, by which the office of corporation counsel was created and its term fixed for five years. There would seem to be no more legal sanction to be found in section 7 of the town charter for the ordinance of 1927 than there is for the action of the board taken January 1st, 1937.

But however that may be, the pertinent legal question seems to remain, what was the import of the action taken January 1st, 1937? We believe that it was an attempt to do two

things simultaneously, namely, to create the office of corporation counsel for a period of five years, and to appoint the prosecutor to that office. This, then, was not an administrative function, but was rather a legislative function, and so should be interpreted by the same rules which govern courts in the construction of legislative acts. *Bradshaw* v. *City of Camden*, 39 *N. J. L.* 416.

We deem it unnecessary in the present case to further pursue the defendants' contention that the legislature by the town charter did not grant to the governing body the right to create the office of corporation counsel for a *term of five years;* for even if the board had a right to create such an office *for such a term,* such action would be a legislative act and therefore would be subject to the veto power of the mayor.

In *Haight* v. *Love,* 39 *N. J. L.* 14 (relied on by the prosecutor) and in *Erwin* v. *Jersey City,* 60 *Id.* 141, the court denied the right of the mayor to veto an appointment to office, on the ground that the right to veto pertained only to legislative acts. Since we think the action in question was a legislative act, it follows that the power of the mayor to veto it existed.

The result is that the writ will be dismissed, with costs.